Civilian pay; security guards, overtime compensation incident to shift change requirements, and to performance of functions integral and essential to principal functions; Federal Employees Pay Act of 1945; induced overtime, equivalent to officially ordered or approved overtime within meaning of the Act; amount of compensable overtime cognizable; consideration of the de minimis doctrine.— Plaintiffs, employed as members of the civilian security guard force at the Anniston Army Depot in Alabama, seek overtime compensation under the Federal Employees Pay Act of 1945 for the period from March 22, 1970 to the date of trial. Plaintiffs contend they were induced by their supervisors to report to work prior to the start of their official shifts in order to relieve the shifts already on duty in time for the latter to report off work as scheduled. The additional time was necessary to accomplish the regular duties assigned to the plaintiffs by their supervisors, e.g., drawing weapons and equipment, briefings, and travel to outlying guard posts. The plaintiffs were not compensated for this additional time. Oral complaints by the guards were met with the suggestion that they could resign if they failed to go along. The pressure of the peer group, namely, other guards waiting to be relieved, was also used by the supervisors to induce early arrival. The guards filed a formal complaint in 1974. On January 11, 1975, the *656 defendant added fifteen minutes of compensable overtime to the beginning of each shift. On October 31, 1978 Trial Judge Louis Spector filed a recommended opinion finding that the plaintiffs had been induced into working additional time for which they were not compensated. The trial judge found fifteen minutes at the start of each shift — the period authorized to be compensated beginning in 1975 — to be a reasonable time in which to accomplish the guards’ prescribed duties. Evidence as to additional uncompensated overtime was found to be sparse and unpersuasive. With the authorization of fifteen minutes compensated overtime in 1975 uncompensated overtime was reduced to less than ten minutes, an amount held to be de minimis and not recoverable. On March 14,1980 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case. The court found the plaintiffs entitled to recover .overtime compensation for fifteen minutes per shift covering the period beginning six years prior to the filing of the respective petitions and ending January 11, 1975, the effective date on which fifteen minutes of additional overtime per shift was authorized to be paid. The cases are returned to the trial division for determination of the amounts of recovery pursuant to Rule 131(c).